IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARION PUSHIA, #239980          *
    Plaintiff
                                                           *
        v.                              CIVIL ACTION NO.  WMN-09-2847
                                                           *
BERT W. KAPINUS,
    Defendant                  *
                                                          ******

## **MEMORANDUM**

      Seeking compensatory damages, Plaintiff, presently incarcerated in the North Branch Correctional Institution in Cumberland, Maryland, filed suit pursuant to 42 U.S. C. § 1983 against Bert W. Kapinus.  Plaintiff alleges that he retained Bert Kapinus to represent him in a "slip and fall" case.  He further alleges that Kapinus missed filing deadlines, resulting in the dismissal of the state tort case.  Paper No. 1.  Plaintiff has also filed a Motion for Leave to Proceed in Forma Pauperis.  Paper No. 2.  The Motion shall be granted pursuant to 28 U.S.C. § 1915(a).  Upon review of the Complaint, the undersigned concludes that it is subject to dismissal under the provisions of 28 U.S.C. § 1915(e).

      Two elements are essential to sustain an action under 42 U.S. C. § 1983.  Specifically, Plaintiff must demonstrate that: (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Because there is no allegation that Defendant Kapinus, a privately retained attorney, was acting under color of law, the claim shall be dismissed.  *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980) (holding that there is no state action in the conduct of privately retained attorneys, public defenders and attorneys appointed by the State of

Maryland.)

Moreover, the action about which Plaintiff complains amounts to a tort not a matter involving a federal question. Therefore, while Plaintiff may have a state court forum within which to maintain his claim, it is not subject to federal court review.

Plaintiff is advised that he may be barred from filing future suits *in forma pauperis* if he continues to file federal civil rights actions that are subject to dismissal under 28 U.S.C. §1915(e) or under F.R.Civ.P. 12(b)(6).[1] A separate Order shall be entered in accordance with this Memorandum.

G:\cbittner\1983\DISPOSITIVES\2009\pushiawmn092847.dism.doc

/s/

 11/12/09
(Date)

William M. Nickerson
United States District Judge

---

[1] Title 28 U.S.C. §  1915(g) states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under this provision, (the relevant portions of which are also known as the "Prison Litigation Reform Act" or "PLRA"), once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.